**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMEREAM LLC,<br><br>        Plaintiff,<br><br>v.<br><br>WATER TECH., INC., et al.,<br><br>        Defendants. | Civil Action No.<br><br>23-cv-02389 (SDW) (JRA)<br><br>**REPORT AND RECOMMENDATION** |

**José R. Almonte, U.S.M.J.**

      Plaintiff Ameream LLC ("Ameream" or "Plaintiff") moves to remand this action to the Superior Court of New Jersey, Law Division, Bergen County ("State Court"), invoking forum selection clauses contained in contracts with the defendants (the "Motion"). ECF No. 10. The Motion is opposed by defendants Innovent Air Handling Equipment, LLC ("Innovent"), Liberty Mutual Insurance Company ("Liberty Mutual"), Water Technology, Inc. ("WTI"), and Neuman Pools, Inc. ("Neuman Pools") (collectively, "Defendants"). *See* ECF Nos. 22, 23, 24, 26, 33. Defendant American Wave Machines, Inc. ("AWM") filed no opposition to the Motion.

      Whether this case should be remanded boils down to the interpretation of contracts between sophisticated parties. Indeed, no party disputes the validity or enforceability of the contracts' forum selection clauses. The question that the Court must answer is narrow: Do the forum selection clauses permit removal of this action to federal court? The answer to that question rests on this Court's interpretation of the word "or" and whether it should be read disjunctively or conjunctively. The

Honorable Susan D. Wigenton, United States District Judge, referred the Motion to this Court for a Report and Recommendation. The Court has considered the parties' submissions and decides the Motion without oral argument. *See* FED. R. CIV. P. 78; L.Civ.R. 78.1. For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion to remand this case to State Court be **GRANTED**.

I. BACKGROUND AND PROCEDURAL HISTORY[1]

The parties' lawsuit arises from the construction of the American Dream entertainment and retail complex in East Rutherford, New Jersey (the "Project"). *See generally* Compl., ECF No. 1-2. The Project's entertainment and recreational attractions include an indoor amusement park and water park. *Id.* ¶ 10. Plaintiff awarded multi-million-dollar contracts to Defendants WTI, Neuman Pools,[2] and Innovent[3] to design, supply, install and/or construct parts of the Project. *Id.* ¶ 11; ECF No. 10 at 2. Each of these contracts contains a forum selection clause—all of

---

[1] The Court recites only the facts and procedural history relevant to resolution of this Motion.

[2] Neuman Pools entered into a contract with the Project's construction manager, PCL Construction Services ("PCL"), who acted as Ameream's agent. ECF No. 10-1 at 3, 20. The contract between Neuman Pools and PCL incorporates by reference PCL's contract with Ameream. *Id.* at 20. Neuman Pools does not dispute that it is subject to the terms of the contract between Ameream and PCL. *See* ECF No. 24 at 1 ("[T]he same flaws in the forum selection clauses in the co-defendants' contracts with Ameream are present in the . . . [c]ontract between Ameream and PCL to which Neuman [Pools] is subject.").

[3] Because Liberty Mutual guaranteed Innovent's performance by way of a performance bond, any reference to Innovent should be read to include Liberty Mutual unless otherwise noted. *See* ECF No. 10 at 2 n.1.

2

which are similar or identical. Robert C. Epstein, Esq. ("Epstein") Decl. Ex. A, at 29-30 (WTI)[4], 92 (Innovent), 197 (Neuman Pools), ECF No. 10-2.

Plaintiff's contracts with Innovent and Neuman Pools provide that certain disputes "shall be resolved (a) by the United States District Court of New Jersey, or the Superior Court of the State of New Jersey, with venue in Bergen County or (b) through binding arbitration by a single arbitrator jointly selected by the parties." *Id.* at 92 (Innovent), 197 (Neuman Pools). Similarly, Plaintiff's contract with WTI provides that certain disputes "shall be resolved through (a) an alternative dispute resolution mechanism selected by [Ameream], which may include arbitration to be conducted in Bergen County, New Jersey, or (b) by the United States District Court of New Jersey, or the Superior Court of the State of New Jersey, with venue in Bergen County." *Id.* at 29 (WTI). Importantly, in each contract, the parties agreed that the forum would be selected at Ameream's "option." *Id.* at 29 (WTI), 92 (Innovent), 197 (Neuman Pools).

Each contract also contains the same or similar language concerning venue. Most relevantly, the parties

> irrevocably and unconditionally waive[d] any objection to the laying of venue of any action, suit or proceeding arising out of this [agreement] in such courts, and irrevocably and unconditionally waive[d] and agree[d] not to plead or claim in any such court that any action, suit or proceeding brought in any such court has been brought in an inconvenient forum.

---

[4] Although defendant AWM does not oppose the Motion, for the sake of completeness, the Court notes that AWM's forum selection clause is, in relevant part, identical to that of WTI. *Compare* Epstein Decl. Ex. A, at 29-30 (WTI), *with id.* at 127-28 (AWM).

3

*Id.* at 30 (WTI), 92 (Innovent), 197 (Neuman Pools).

A dispute arose among the parties related to the Project. On March 23, 2023, Plaintiff filed its initial complaint in State Court against Defendants and AWM, alleging breach of contract and various other causes of action. *See generally* Compl. On May 1, 2023, Innovent and Liberty Mutual removed this case to this Court on the basis of diversity jurisdiction. *See* ECF No. 1. All Defendants consented to removal. *Id.* ¶ 7; ECF No. 1-5. On May 12, 2023, Plaintiff moved to remand this action to State Court, arguing that Defendants violated the parties' forum selection clauses by removing this action to federal court. *See generally* ECF No. 10.

## II. LEGAL STANDARD

As a threshold matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, the Court addresses this Motion by way of Report and Recommendation to the Honorable Susan D. Wigenton, United States District Judge.

Generally, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" 28 U.S.C. § 1441(a). The Third Circuit has noted, however, that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d

Cir. 1987)). The burden of establishing federal jurisdiction rests with the party seeking removal. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995) (citation omitted).

It is well-established that a defendant can contractually waive its right to remove an action brought in state court. *See, e.g.*, *New Jersey v. Merrill Lynch & Co. Inc.*, 640 F.3d 545, 547 (3d Cir. 2011); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216 (3d Cir. 1991). Indeed, "[u]nder federal law, forum selection clauses are 'presumptively valid' and enforceable." *Imagine Lifestyles, LLC v. Perry*, No. 19-cv-17445, 2020 WL 113967, at *2 (D.N.J. Jan. 10, 2020) (quoting *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983), *cert. denied*, 464 U.S. 938 (1983)). "[I]f a defendant has removed a case in violation of a forum selection clause, remand is a particularly appropriate and effective remedy for the wrong." *Foster*, 933 F.2d at 1216. A party's burden of establishing federal jurisdiction upon removal "is a high one when seeking to avoid a forum selection clause." *Imagine Lifestyles, LLC*, 2020 WL 113967, at *2 (quoting *Carlyle Inv. Mgmt., LLC v. Carlyle Cap. Corp. Ltd.*, 800 F. Supp. 2d 639, 644 (D. Del. 2011)). "[A] strong presumption exists in favor of enforcing a forum selection clause." *Id.* (quoting *Carlyle Inv. Mgmt., LLC*, 800 F. Supp. 2d at 644).

To determine whether a party has waived its right to remove through a forum selection clause, the court must assess the meaning of the clause in the same manner it would any other contractual provision, that is, by ascertaining the "plain and ordinary meaning" of the clause. *Merrill Lynch & Co., Inc.*, 640 F.3d at 548 (citation

5

omitted). If the language of the forum selection clause is unambiguous, "the inquiry ends and the court must enforce the contract as written." *Integrated Health Res., LLC v. Rossi Psych. Grp., P.A.*, 537 F. Supp. 2d 672, 674-75 (D.N.J. 2008). That is so because "[f]orum selection clauses are generally treated as ordinary contract provisions and are subject to ordinary rules of contract interpretation." *Id.* at 674 (citing *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997); *Intermetals Corp. v. Hanover Int'l*, 188 F. Supp. 2d 454, 460 (D.N.J. 2001); *Foster*, 933 F.2d at 1218). Integrally, the Court should "avoid ambiguities, if the plain language of the contract permits . . . [and] should not torture the language . . . to create ambiguities." *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006) (alterations in original) (quoting *First State Underwriters Agency of New England Reinsurance Corp. v. Travelers Ins. Co.*, 803 F.2d 1308, 1311 (3d Cir. 1986)).

## III. DISCUSSION

Here, no party disputes the existence and enforceability of the forum selection clauses. Rather, the only issue before the Court is whether the parties' forum selection clauses waive Defendants' statutory right to remove this action to federal court. Defendants make two related arguments in support of their claim that the forum selection clauses permit removal to federal court.

First, Defendants[5] argue that a plain reading of the clauses does not prohibit removal. To reiterate, the clauses at issue provide that certain disputes "shall be

---

[5] Neuman Pools joins the arguments filed by its co-defendants Innovent and WTI at ECF Nos. 22 and 23. ECF No. 24.

6

resolved through **(a)** an alternative dispute resolution mechanism selected by [Ameream], which may include arbitration to be conducted in Bergen County, New Jersey, <u>or</u> **(b)** by the United States District Court of New Jersey, <u>or</u> the Superior Court of the State of New Jersey, with venue in Bergen County." Epstein Decl. Ex. A, at 29 (WTI) (emphasis added).[6] Defendants argue that the use of "(a)" and "(b)" in the clause demonstrates a two-part option for Ameream, which excludes, by negative implication, a third choice. ECF Nos. 22 at 4; 23 at 5. That is, Ameream's "option" is not between alternative dispute resolution, state court, or federal court—the choice is between (a) alternate dispute resolution <u>or</u> (b) civil litigation *in general*. Defendants further argue that because Plaintiff exercised its option to pursue civil litigation by initially filing the instant lawsuit in State Court, Defendants are not prohibited from removing this matter to federal court.

Defendants' argument is unconvincing. "[A] court is not authorized to construe a contract in such a way as to modify the plain meaning of its words, under the guise of interpretation." *Wall St. Aubrey Golf, LLC*, 189 F. App'x at 85 (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1010 (3d Cir. 1980)). As such, courts should not "torture the language" of contracts "to create ambiguities." *Id.* (quoting *Travelers Ins. Co.,* 803 F.2d at 1311). This is especially true for contracts between sophisticated parties. *Id.* Here, the Court concludes that the forum selection

---

[6] The corresponding clauses in the Innovent and Neuman Pools contracts are substantively similar to this WTI clause; however, subclauses "(a)" and "(b)" are ordered inversely. *Compare* Epstein Decl. Ex. A, at 92 (Innovent), 197 (Neuman Pools) (labeling as "(a)," "by the United States District Court of New Jersey, <u>or</u> the Superior Court of the State of New Jersey, with venue in Bergen County" (emphasis added)), *with id.* at 29 (WTI) (labeling the identical language as "(b)").

7

clauses are clear, and gave Plaintiff three options—Plaintiff had the option of bringing this action in (1) an alternate dispute resolution forum, (2) the Superior Court of the State of New Jersey, or (3) the United States District Court of New Jersey. To interpret as conjunctive the "or" (between "the United States District Court of New Jersey, *or* the Superior Court of the State of New Jersey, with venue in Bergen County") would undoubtedly create ambiguity and unintended consequences. *See* Epstein Decl. Ex. A, at 29 (WTI), 92 (Innovent), 197 (Neuman Pools) (emphasis added). For example, interpreting this "or" as conjunctive could allow Plaintiff to file parallel, simultaneous, and duplicative lawsuits in both state and federal court—an outcome that could not have been intended by the contracting parties. As each contract here was entered into by sophisticated corporate parties, the Court will not "torture the language . . . to create ambiguities." *Wall St. Aubrey Golf, LLC*, 189 F. App'x at 85 (alteration in original) (citation omitted). Had these sophisticated parties intended to allow Defendants to remove this matter to federal court, they could have included such a provision in the contracts.

Second, and relatedly, Innovent argues that Plaintiff's reading of the forum selection clause renders parts of the clause "superfluous, meaningless, useless or inexplicable, and nugatory." ECF No. 22 at 5. Innovent points the Court to language in the clause in which the parties "irrevocably accept . . . the jurisdiction of the aforesaid courts." *Id.*; *see also* Epstein Decl. Ex. A, at 92 (Innovent), 197 (Neuman Pools). According to Innovent, if only Plaintiff has the option to choose to litigate in

state or federal court, or to arbitrate, there would be no need for Plaintiff to consent to jurisdiction. ECF No. 22 at 5.

Innovent's argument, too, is unconvincing. A plain reading of this language leads this Court to conclude that all parties agreed that venue is proper in the "courts" of New Jersey, rather than other states, such as Wisconsin where WTI, Neuman Pools, and Innovent are incorporated and have business addresses, or California, where AWM is based. *See* ECF No. 25 at 13. Once Plaintiff decided to exercise its option to pursue civil litigation, it then had the option of selecting to file suit in either state or federal court, but only in New Jersey, not Wisconsin or California. The purpose behind the consent clause was so that no party could argue that the lawsuit should have been filed in another state. Therefore, such a clause was not "superfluous, meaningless, useless or inexplicable, and nugatory."

This case would hardly be the first time where a valid and enforceable forum selection clause functioned to grant only one of its signatories with the right to select forum. *See, e.g.*, *Foster*, 933 F.2d at 1216-17 (enforcing the parties' forum selection clause and holding that the defendant waived the right to remove the case to federal court and that "by consenting to '*submit*' to '*any court*' of competent jurisdiction '*at the request of* [the plaintiff],' and to comply with all requirements necessary to give '*such court*' jurisdiction, [the defendant] agreed to go to, *and stay in,* the forum chosen by [the plaintiff]." (emphasis in original)); *Oxford Realty Grp., LLC v. Axis Reinsurance Co.*, No. 08-cv-6303, 2009 WL 1324028, at *5 (D.N.J. May 12, 2009) (enforcing the parties' forum selection clause and holding that defendant waived the

9

right to remove the case to federal court and had agreed "to go to" and "*stay in*" the forum chosen by plaintiffs (emphasis in original) (quoting *Foster,* 933 F.2d at 1216-17)). Defendants, indisputably sophisticated parties, cannot now rewrite a contractual clause that gave Plaintiff the right to litigate this case in State Court. Therefore, this Court finds that the forum selection clauses do not permit removal of this action to this Court and that this case should be remanded to State Court.

## IV.     CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion (ECF No. 10) be **GRANTED**. The parties have fourteen (14) days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(a)(2), (c)(2). It is further **ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at ECF No. 10 and activate this Report and Recommendation for the District Court's review.

                                                                          _____
                                                                          HON. JOSÉ R. ALMONTE
                                                                          UNITED STATES MAGISTRATE JUDGE

Dated: November 29, 2023